IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Josiah Stone,<br>   Plaintiff,<br><br>v.<br><br>Adair County District Attorney's Office;<br>Jerry Moore;<br>Larry Langley;<br>Shannon Ottesson;<br>Shauna Duch;<br>Elohim City Inc.;<br>Bruce Millar;<br>Bureau of Alcohol, Tobacco, Firearms & Explosives;<br>Carlos Sandoval;<br>Federal Bureau of Investigation;<br>Douglas Franks;<br>Rex Earl Starr, private attorney;<br>Victims Compensation Board;<br>David Hartwell;<br>Sarah Breedlove;<br>Attorney General's Office;<br>Alison Carson;<br>Physician's Clinic; and<br>Dr. Dulowski,<br>   Defendants. | Case No. CIV-09-098-RAW |

## ORDER & OPINION

  Before the court is the Complaint [Docket No. 2] filed by Josiah Stone (hereinafter Plaintiff or Mr. Stone) and his Motion titled "Adair Pauperaus (sic) Form" [Docket No. 7]. In his "Adair Pauperaus Form," Plaintiff states: "Exhibits & requests for application to be accepted or fees to be charged after completion of case." Clearly, this is an addition to or re-urging of his motion for leave to proceed *in forma pauperis*, which this court has previously granted in part and denied in part. Accordingly, the court denies the "Adair Pauperaus Form" as moot.

**The Complaint**

Plaintiff filled out the Complaint form supplied by the Court Clerk. Where the form directs that Plaintiff "[b]riefly state the background of [his] case," Plaintiff writes: "A corrupt county called Adair conspires to do me harm in support of Elohim, Inc. to hide the real story and players of the OKC bombing."[1] Plaintiff then attaches a type-written note that includes a section titled "Causes of Action." Within this four-page single-spaced section, Plaintiff makes several wild, conclusory allegations against the Defendants. The court recounts the allegations as succinctly as possible.

Under number "1," Plaintiff alleges that the Adair County District Attorney's Office (hereinafter "D.A.'s Office") and Rex Earl Starr conspired to press "invalid and untrue" charges against him for the benefit of Bruce Millar. He alleges that the D.A.'s Office "has done everything to slander me, libel me." Plaintiff alleges that all of this has been done to "invalidate" an assault and battery by Bruce Millar against Plaintiff. He then lists several alleged incidents, including, *inter alia*: (1) getting thrown in jail on August 14, 2008; (2) his questioning of a protective order issued against him on September 19, 2008; (3) his arrest for forgery on February 24, 2009; (4) his horse being stolen on January 10, 2009, allegedly by an Elohim, Inc. member; and (5) a gun being pulled on him and his "wives (sic) and children."

Under number "2," Plaintiff recounts signing up to be an informant for the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF"). He then states that Alison Carson made a false claim to the ATF that he was buying illegal weapons. He alleges that Carlos Sandoval and two other ATF agents came to arrest him, but instead took his guns to give to Deputy Sheriff Benton Sims at Plaintiff's request, and that Mr. Sandoval is still holding his guns with "no valid

---

[1] The court notes that, as with all of Plaintiff's filings, his penmanship is somewhat difficult to decipher.

reason."

Under number "3," Plaintiff claims to have information about Elohim, Inc. being involved in illegal activity. He insinuates Elohim, Inc. may have had some involvement in the Oklahoma City bombing. He jumps from subject to subject and ultimately alleges that Rex Earl Starr and the D.A.'s Office caused a felony to be charged against him for quoting the Bible and caused interviews regarding his knowledge of Elohim, Inc.'s criminal activity to be stopped.

Under number "4," he claims that Rex Earl Starr and the D.A.'s Office, again on behalf of Bruce Millar, caused his doctor, Dr. Dulowski, to forget he signed a report for the Victims Compensation Board (hereinafter "VCB"). He claims to have the original. He also states: "The Bible says Your (sic) sin shall find You (sic) out. By trying to incriminate me the defendants in this petition have incriminated themselves by trying to cover up the inevitable; the truth about the Oklahoma City bombing." Then he claims that Rex Earl Starr does not want Plaintiff to be paid by the VCB because then his client will have to reimburse the VCB.

Plaintiff then states: "My damages: I want a monetary reward of . . ." and proceeds to list each Defendant, demanding two-hundred and fifty thousand dollars from some and only one-hundred thousand dollars from others. He gives the court no indication as to how he arrived at his dollar amounts.

## *Sua Sponte* Dismissal

The court may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The Tenth Circuit has noted that "[a] number of courts have held . . . that *sua sponte* dismissal of a meritless claim under Rule 12(b)(6) or a statutory provision does

3

not violate due process or unduly burden a plaintiff's right of access to the courts." Curley v. Perry, et. al., 246 F.3d 1278, 1283 (10th Cir. 2001) (citation omitted).

In considering a Rule 12(b)(6) dismissal, the court must determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face" as required by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff must nudge his "claims across the line from conceivable to plausible," otherwise his Complaint must be dismissed. Id.

The Tenth Circuit has explained that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case such as this one, where Plaintiff has brought claims against multiple Defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250 (emphasis in original). Otherwise, the Complaint fails to provide fair notice and to present a plausible right to relief.

Plaintiff is proceeding *pro se*; thus, the court construes his pleadings liberally. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Additionally, for purposes of deciding whether to dismiss the action

pursuant to Rule 12(b)(6), the court accepts all the well-pleaded allegations as true. Id. The court does not, however, accept his conclusory allegations. Id. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Id. at 1109-10.

## Analysis

The court has liberally construed Plaintiff's Complaint and finds that he has failed to state a claim for which relief can be granted. For the most part, it is unclear what claims he intends to bring against which Defendants. The only specific claims against specific Defendants are his allegations that: (1) the D.A.'s Office and Rex Earl Starr have conspired to have "invalid and untrue" charges brought against him, (2) the D.A.'s Office and Rex Earl Starr have slandered and libeled him, and (3) Carlos Sandoval, an ATF agent, is holding his guns without cause.

Each of these is a conclusory allegation. He has not provided the court with enough facts to state a claim to relief that is plausible on its face. Moreover he has certainly not nudged his claims across the line from conceivable to plausible. Plaintiff has failed to state a claim upon which relief may be granted. Furthermore, amendment of this Complaint would be futile. Accordingly, the court hereby dismisses this action.

## Hobbyist Litigator

This is one of six (6) actions Mr. Stone has brought to this court the last two years. See CIV-08-102 (prisoner civil rights action against the Honorable Rex Earl Starr; James Collins, the Mayor for the City of Stilwell; the Adair County Jail; Jeremy Drain, a Jailer in the Adair County Jail; Sheriff Gerald Coleman; and the City of Stilwell), CIV-08-266 (civil rights action against Elohim, Inc.; the Honorable Rex Earl Starr; Jerry Babbitt; James Collins, the Mayor for the City of Stilwell; and the Honorable Jeffrey Payton), CIV-08-354 (removal from state court of an action brought by

Jerry Babbitt against Mr. Stone for trespass, ejectment, slander of title and quiet title suit), and CIV-09-306 (civil rights action against the Adair County Sheriff's Department and Elohim, Inc.).

Mr. Stone has been involved in several actions in the Adair County District Courts in the last two years as well, many involving the same parties noted above. See SC-2008-270 (small claims action for indebtedness by Mr. Stone against John and Dorcas Millar; Mr. Stone appealed (DF-105980), SC-2008-271 (small claims action for forcible entry and detainer by Elohim, Inc. and John Miller against Mr. Stone and Emoke Stone; Mr. Stone appealed (DF-105978)), CJ-2008-54 (civil action for trespass by Jerry Babbitt against Mr. Stone; Mr. Babbitt appealed (DF-107131)), PO-2008-37 (petition for a protective order by Elohim, Inc. c/o Agent John Millar against Mr. Stone), SC-2008-359 (small claims action for damages by Mr. Stone against Bruce Millar), CF-2008-165 (criminal felony action against Mr. Stone, charging him with four counts, each involving threats of violence), CJ-2008-107 (civil action against Jerry Babbitt requesting damages in excess of $10,000; Mr. Babbitt appealed (DF-107131)), CM-2008-515 (criminal misdemeanor action against Mr. Stone, charging him with violation of Oklahoma's Compulsory Education Act), CF-2009-25 (criminal felony action against Mr. Stone, charging him with forgery in the second degree), SC-2009-126 (small claims action for indebtedness by Mr. Stone against Bruce Millar), CM-2009-240 (criminal misdemeanor action against Mr. Stone, charging him with making false claims for victim compensation), CM-2009-279 (criminal felony action against Mr. Stone, charging him with a violation of the owner's duty to restrain animals), and CM-2009-405 (criminal misdemeanor action against Mr. Stone, charging him with failure to maintain livestock).[2]

Mr. Stone is a seasoned *pro se* litigator. This court has previously noted that he was

---

[2]The court lists them, but of course, it does not take into account the criminal actions against Mr. Stone in its decision as to whether to limit his future filings.

dangerously close to being considered by this court to be in the category of "hobbyist litigators" described in <u>Westridge v. Allstate Ins. Co.</u>, 118 F.R.D. 617, 621 (W.D. Ark. 1988). "These lawsuits are not only a nuisance, but they threaten to delay justice for those who should be in federal court and who have legitimate and significant matters to litigate." <u>Id</u>. Plaintiff "has no absolute, unconditional right of access to the courts and no constitutional right to prosecute frivolous or malicious actions." <u>Garrett v. Esser</u>, 53 Fed.Appx. 530, 531 (10th Cir. 2002). Furthermore, the court "may impose restrictions commensurate with its inherent power to enter orders 'necessary and appropriate' in aid of jurisdiction." <u>Id</u>.; 28 U.S.C. § 1651.

Additionally, the court has warned Plaintiff on two separate occasions that if he continues to file meritless, frivolous, malicious or abusive complaints in this court, the court will likely restrict his access such that he will not be able to file a complaint unless he is represented by an attorney or first obtains permission from the court to proceed *pro se*. <u>See</u> <u>Stone v. Garrett</u>, Case No. CIV-08-388, Order filed Oct. 20, 2008 and <u>Stone v. Starr</u>, Case No. CIV-08-102, Order filed October 31, 2008. Such restriction will ensure that Plaintiff's filings have merit prior to filing and will preserve judicial resources for expeditious resolution of legitimate matters. Given that the court must also address his latest filing, CIV-09-306, in a separate order, the court will then decide whether to restrict Plaintiff's access to this court.

## **Conclusion**

It is the order of the court that Plaintiff's Complaint [Docket No. 2] is hereby DISMISSED. Plaintiff's motion titled "Adair Pauperis Form" [Docket No. 7] is hereby DENIED as MOOT. While his case is dismissed, he still must complete payment of his filing fee in this case, the total being $350.00. To date, Plaintiff has paid $150.00 in filing fees. He shall continue on the payment schedule set forth in this court's March 18, 2009 Order until the fee is paid in full.

7

IT IS SO ORDERED this 21st day of September, 2009.

Ronald A. White
United States District Judge
Eastern District of Oklahoma